

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANET HENDERSON, | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 4:09-CV-188-A |
| ERIC K. SHINSEKI, Secretary, United States Department of Veterans Affairs, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION
### and
### ORDER

The following two motions filed by defendant, Eric K. Shinseki, Secretary, United States Department of Veterans Affairs ("VA"),[1] are currently pending before the court: (1) motion to dismiss plaintiff's breach of contract claim for lack of subject matter jurisdiction and (2) motion for summary judgment. Having considered the motions, the responses thereto of plaintiff, Janet Henderson ("Henderson"), the entire summary judgment record, and applicable legal authorities, the court concludes that both motions should be granted.

I.

### Undisputed Facts & Plaintiff's Claims

The following facts are undisputed in the summary judgment record:

---

[1] For purposes of this memorandum opinion, defendant will be referred to as "defendant" or "the VA."

1

Henderson is a former employee of the Veterans Affairs North Texas Health Care System ("VANTHCS"). Def.'s App. at 2, 4. In April 2006, while still employed at VANTHCS, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination, disability discrimination, and reprisal.[2] Henderson resigned from VANTHCS in February 2007. Id. at 4. Shortly after her resignation, Henderson and the VA executed a settlement agreement to resolve her outstanding discrimination complaints, the terms of which were memorialized on the record at a hearing before an administrative law judge. Id. at 5-6. According to the settlement agreement, Henderson's former supervisor, Cliffton Henry ("Henry"), was to provide good references to Henderson's prospective employers. Id. at 9.

Henderson brought the instant lawsuit on March 30, 2009, alleging that, in March or April of 2008, she applied and was turned down for a job at the Food and Drug Administration ("FDA") because Henry did not provide good references in support of her application. Compl. at 5-6, ¶¶ 19, 21. She claims that Henry's failure to provide good references to the FDA (1) breached the parties' settlement agreement and (2) constituted retaliation for her prior equal employment opportunity ("EEO") activities, in

---

[2]In contrast to private sector employees, who must initiate discrimination complaints by filing an administrative charge with the EEOC, federal employees complaining of discrimination must file a formal discrimination complaint with the civil rights compliance division of their agency. Pacheco v. Mineta, 448 F.3d 783, 788 n.6 (5th Cir. 2006). Accordingly, if plaintiff followed the prescribed process, she would have filed her formal complaint with the VA Office of Resolution Management, not the EEOC. However, because neither party disputes that plaintiff filed a complaint with the EEOC, the court does not question the matter further.

violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-7961 (the "Rehabilitation Act"). Id. at 8-9, ¶¶ 36, 42. Additionally, Henderson makes a vague allegation that she was terminated from VANTHCS because of her disability, also in violation of the Rehabilitation Act. Id. at 8, ¶ 35. For each of her claims, Henderson alleges damages for "economic injury . . . intangible suffering, extreme mental anguish, emotional distress, embarassment, humiliation . . . in an amount in excess of ten thousand dollars ($10,000.00)." Id. at 9, 11, ¶¶ 40, 45.

## II.

### Grounds of Defendant's Motions

In its motion to dismiss, defendant argues that this court lacks subject matter jurisdiction over Henderson's claim that the VA breached their settlement agreement because, under the Tucker Act and Little Tucker Act, jurisdiction over contract disputes with the United States in excess of $10,000 lies exclusively with the United States Court of Federal Claims. Def.'s Mot. to Dismiss at 2. In its motion for summary judgment, defendant argues that all of Henderson's claims fail on their merits. Specifically, defendant argues that Henderson has failed to show that Henry did not comply with the settlement agreement. Def.'s Mot. for Summ. J. at 5. Defendant also argues that Henderson has failed to show that she experienced an adverse employment action, and, even if she has, that she has failed to show that there was a causal connection between that action and her EEO activity. Id. at 6. Finally, defendant argues that Henderson has failed to

3

adduce evidence proving any essential element of her discriminatory discharge claim. Id. at 4.

### III.
### Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

In its motion to dismiss, defendant argues that, under the Tucker Act and Little Tucker Act, the Court of Federal Claims has exclusive jurisdiction over plaintiff's claim that the VA breached their settlement agreement. The court agrees.

The Tucker Act gives the Court of Federal Claims jurisdiction over any claim against the United States founded upon an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). The Little Tucker Act gives the district courts concurrent jurisdiction over such claims that do not exceed $10,000 in amount. Id. § 1346(a)(2). Read together, the Tucker Act and Little Tucker Act leave the Court of Federal Claims with exclusive jurisdiction over contract claims against the United States in which more than $10,000 is at stake. See, e.g., Greenhill v. Spellings, 482 F.3d 569, 572 (D.C. Cir. 2007); Patterson v. Spellings, 249 F. App'x 993, 996 (5th Cir. 2007) (per curiam); see also Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988) (noting that the Claims Court's exclusive jurisdiction over Tucker Act claims exceeding $10,000 "is not based on any language in the Tucker Act granting such exclusive jurisdiction to the Claims Court. Rather, that court's jurisdiction is 'exclusive' only to the extent that Congress has

4

not granted any other court authority to hear the claims that may be decided by the Claims Court.").

The settlement agreement executed by Henderson and the VA to resolve Henderson's discrimination claims is a contract with the United States. Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004); see Guidry v. Halliburton Geophysical Servs., Inc., 976 F.2d 938, 940 (5th Cir. 1992) (stating that "[a] settlement agreement is a contract"). In her complaint, Henderson seeks damages "in excess of ten thousand dollars" for the VA's alleged breach of that contract. Compl. at 11, ¶ 45. Thus, Henderson's claim belongs in the Court of Federal Claims. Greenhill, 482 F.3d at 572; Patterson, 249 F. App'x at 996.

Henderson advances two arguments to avoid the jurisdictional roadblock posed by the Little Tucker Act. First, she asserts that voluntary settlement agreements like the one executed by the parties here fall within the "comprehensive remedial scheme" created by Title VII of the Civil Rights Act of 1964 ("Title VII") and incorporated into the Rehabilitation Act. She argues, therefore, that the jurisdiction-conferring provisions found in Title VII, not the Tucker Act, determine where claims for breach of such agreements can be brought.[3] Pl.'s Resp. to Mot. to Dismiss at 2. Second, plaintiff asserts that if the court finds that it does not have jurisdiction, it should allow her to amend her complaint to assert damages below the $10,000 cap. Id. at 4.

---

[3] The Rehabilitation Act incorporates the procedural, remedial, and jurisdiction-conferring provisions of Title VII. See 29 U.S.C. § 794a(a)(1).

5

The court finds neither of these arguments availing. The Rehabilitation Act, through Title VII, provides remedies for disability-based discrimination. See 29 U.S.C. §§ 701-7961. It does not provide a remedy for breach of an agreement settling Rehabilitation Act claims. Put another way, although a claim for breach of an agreement settling Rehabilitation Act claims is related to the Rehabilitation Act, it is not an action to enforce the provisions that act itself. Thus, Henderson's claim falls outside the comprehensive remedial scheme included in the Rehabilitation Act, and the jurisdiction-conferring provisions incorporated therein do not apply. Greenhill, 482 F.3d at 575. But see Freeman v. Potter, No. 7:04-CV-276, 2006 WL 2631722, at *1 (W.D. Va. Sept. 13, 2006) (stating that actions to enforce Title VII settlement agreements are Title VII actions); Owens v. West, 182 F. Supp. 2d 180, 190 (D. Mass. 2001) (concluding that a claim for "enforcement of an EEOC pre-determination settlement agreement is a civil action brought directly under Title VII" and applying procedural provisions of Title VII). The Court of Federal Claims itself has rejected arguments identical to Henderson's in holding that it has jurisdiction over claims for breach of agreements settling Title VII claims. See Taylor v. United States, 73 Fed. Cl. 532, 541-45 (Fed. Cl. 2006) Westover v. United States, 71 Fed. Cl. 635, 639-40 (Fed. Cl. 2006).

Plaintiff's second argument is likewise unpersuasive. Although some courts have permitted plaintiffs bringing claims subject to Tucker Act jurisdiction to remain in district court as

6

long as they waive any right to judgment over $10,000, see, e.g., Bliss v. England, 208 F. Supp. 2d 2, 8 (D.D.C. 2002), the court does not think that granting plaintiff leave to amend its complaint is appropriate in this case. The scheduling order in this action provided that the deadline to file amended pleadings was October 13, 2009. Plaintiff has not shown good cause for why she should be permitted to amend her complaint now, over two months past that deadline. See Fed. R. Civ. P. 16(b). Therefore, the court will not permit plaintiff to amend her complaint, and her claim for breach of the settlement agreement must be dismissed for lack of subject matter jurisdiction.[4]

## IV.

### Defendant's Motion for Summary Judgment

A. Applicable Summary Judgment Principles

"The purpose of summary judgment is to pierce the pleadings and assess the proof to determine if a genuine need for trial exists." Beeler v. Rounsavall, 328 F.3d 813, 816 (5th Cir. 2003). Thus, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

---

[4] In Rochon v. Gonzales, 438 F.3d 1211, 1215 (D.C. Cir. 2006), the D.C. Circuit suggested the possibility that a district court might exercise ancillary jurisdiction over a contract claim belonging in the Court of Federal Claims if the plaintiff also asserts other claims within the original jurisdiction of the district court. This court could not find any case in which a court actually availed itself of this option, and this court declines the opportunity to be the first.

7

The onus is on the party moving for summary judgment to show that there is no genuine issue of material fact. Id. at 256. Where, as here, the nonmoving party has the burden of proof, the moving party can carry its summary judgment burden by pointing to an absence of evidence establishing an essential element of the nonmoving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once this has been done, the nonmoving party may not rely merely on the allegations in its pleadings, but must "identify specific evidence in the record and . . . articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). In deciding whether summary judgment is appropriate, the court must construe all facts on record and draw all reasonable inferences in the light most favorable to the nonmoving party. First Colony Life Ins. Co. v. Sanford, 555 F.3d 177, 180 (5th Cir. 2009).

B. <u>The Non-Breach of Contract Claims</u>

1. <u>Retaliation</u>

The Rehabilitation Act protects employees of federal departments and agencies from disability-based discrimination. 29 U.S.C. § 794(a). Specifically, it prohibits retaliation against individuals who oppose discriminatory employment practices, file discrimination complaints, or otherwise participate in EEO proceedings. See Shannon v. Henderson, No. 01-10346, 2001 WL 1223633, at *3 (5th Cir. Sept. 25, 2001) (per curiam); see also 29 C.F.R. § 1614.101(b) (2009) ("No person

shall be subject to retaliation for opposing any practice made unlawful by . . . the Rehabilitation Act or for participating in any stage of administrative or judicial proceedings under those statutes." (citation omitted)).

Although the Fifth Circuit has not expressly held in a published opinion that the burden shifting framework enunciated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), is applicable to a retaliation claim brought under the Rehabilitation Act, it has endorsed and applied that framework in two unpublished opinions. See Calderon v. Potter, 113 F. App'x 586, 592 (5th Cir. 2004); Shannon, 2001 WL 1223633, at *3. Accordingly, the court will apply the McDonnell Douglas framework to plaintiff's retaliation claim in this case.

Plaintiff bears the initial burden of establishing a prima facie case. To establish a prima facie case of retaliation under the Rehabilitation Act, plaintiff must adduce evidence showing that: (1) she engaged in a protected activity (e.g., the filing of an discrimination complaint), (2) her employer took an adverse employment action against her, and (3) there was a causal connection between the adverse employment action and the protected activity. Calderon, 113 F. App'x at 592; see Seaman v. CSPH, Inc., 179 F.3d 297, 301 (5th Cir. 1999) (requiring proof of the same elements to establish a prima facie case of retaliation under the Americans With Disabilities Act).

Plaintiff has failed to adduce evidence establishing the third element of her prima facie case. Simply put, she points to

9

nothing in the record from which a reasonable jury could conclude that Henry's alleged[5] failure to provide good references to the FDA was causally connected to plaintiff's EEO activities while at VANTHCS. In her response, plaintiff argues that Henry's knowledge of his duty to provide good references and his subsequent failure to do so indicates that he intentionally failed to provide good references to the FDA. Pl.'s Resp. at 11. Even if plaintiff's theory is true, it misses the mark. To prove retaliation, plaintiff must show that Henry's conduct was <u>connected to</u> her EEO activities. That it may have been intentional does nothing to show the required connection. Therefore, plaintiff has failed to establish a <u>prima facie</u> case of retaliation, and summary judgment is appropriate.

2. <u>Discriminatory Discharge</u>

Finally, plaintiff has adduced no evidence from which a reasonable jury could find that she was terminated from VANTHCS based on a disability. Thus, summary judgment is appropriate on her discriminatory discharge claim as well.

---

[5]The parties dispute whether Henry provided good references for plaintiff to the FDA. The parties agree that Henry received several phone messages concerning a reference check on plaintiff from Karen Anthony at the Richmond, Virginia office of the FDA. Def.'s App. at 20-21, 25-28; Pl.'s App. at 3-4. In his declaration, Henry stated that after receiving those messages, he called the FDA and spoke to a woman, whose name he could not remember, about plaintiff. Def.'s App. at 14. Henry stated that he answered all questions asked to him about plaintiff's performance on a scale of one to ten (with ten being the highest possible rating) and gave plaintiff no less than an "eight" for every question. <u>Id.</u> Anthony, in her deposition, stated that she never received a return call from Henry or anyone else at VANTHCS about plaintiff. Pl.'s App. at 3.

V.

Order

Therefore,

For the reasons discussed above,

The court ORDERS that defendant's motion to dismiss for lack of subject matter jurisdiction be, and is hereby, granted, and that plaintiff's claim that defendant breached their settlement agreement be, and is hereby dismissed for lack of subject matter jurisdiction.

The court further ORDERS that defendant's motion for summary judgment be, and is hereby granted, and that all remaining claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed with prejudice.

SIGNED December 21, 2009.

JOHN McBRYDE
United States District Judge